IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN CADMUS, | : | |
| | : | 1:12-cv-2253 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| JOHN WETZEL, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

### August 13, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On July 15, 2013 we issued a Memorandum and Order adopting the Report and Recommendation of Chief Magistrate Judge Martin C. Carlson, thereby dismissing the Plaintiff's complaint for failure to state a claim upon which relief could be granted, but giving Plaintiff twenty days leave to file an amended complaint endeavoring to correct the defects in his initial pleading. (Doc. 37). That twenty day period has since elapsed without a further filing by the Plaintiff. For the reasons that follow, we shall dismiss this action based on Plaintiff's failure to prosecute the same.

**II.    BACKGROUND**

1

*Pro se* Plaintiff Norman Cadmus ("Plaintiff" or "Cadmus"), a prisoner currently housed in the State Correctional Institution (SCI), Coal Township, commenced this action on November 13, 2012 by filing a complaint. This pleading named a single Defendant, John Wetzel, who is the Secretary of the Pennsylvania Department of Corrections. Cadmus alleged that his religious dietary demands were being denied by unnamed correctional staff at SCI-Coal Township. The complaint was bereft of any factual averments relating to direct involvement of Secretary Wetzel in an alleged acts of wrongdoing.

As noted above, by Memorandum and Order dated July 15, 2013 (Doc. 37), we dismissed the complaint for failure to state a claim, but granted Cadmus leave to file an amended complaint. The twenty day deadline imposed by our Order has lapsed, and Plaintiff has not filed an amended complaint. Accordingly, this action is subject to dismissal under the Federal Rules of Civil Procedure.

## III. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: " If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." F. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the

Court, and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as *Poulis* factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984).

*Emerson,* 296 F.3d at 190. Recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. *See, e.g., Emerson v. Thiel College, supra*; *Tillio v. Mendelsohn,* 256 F. App'x 509 (3d Cir. 2007); *Reshard v. Lankenau Hospital,* 256 F. App'x 506 (3d Cir. 2007); *Azubuko v. Bell National Organization,* 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the *Poulis* factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first *Poulis* factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to the Plaintiff, who has failed to abide by this Court's order to file an amended complaint. Similarly, the second *Poulis* factor– the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action. The Plaintiff's failure to file an amended complaint obviously delays the resolution of this action. In such instances, dismissal of the case clearly rests in the discretion of the trial judge. *Tillio v. Mendelsohn,* 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); *Reshard v. Lankenau Hospital,* 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); *Azubuko v. Bell National Organization*, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third *Poulis* factor-the history of dilatoriness on the plaintiff's part– this factor also weights against Cadmus. The Plaintiff previously failed to file a timely brief in opposition to the Defendant's Motion to Dismiss, and again has disregarded the requirement that filings be made in a timely fashion when he neglected to file an amended complaint.

The fourth *Poulis* factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the Plaintiff. At this juncture, because the Plaintiff has failed to comply with instructions of the Court directing the Plaintiff to take a specific action in this case, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions.

While *Poulis* also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing *Poulis* agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with a court order, lesser sanctions may not be an effective alternative. *See, e.g., Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008); *Emerson,* 296 F.3d at 191. This case presents such a situation where the Plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, Plaintiff was clearly warned that failure to file an amended complaint would result in dismissal of this case, but to no avail.

Finally, under *Poulis* we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, consideration of this factor cannot save the Plaintiff's case from dismissal. Indeed, this Court has already

concluded that the Plaintiff failed to state a valid cause of action against Defendant Wetzel, but permitted him an opportunity to amend his pleadings, which he has now forfeited by failing to abide by the deadline given to him by the Court.

Therefore, in this case all of the *Poulis* factors call for dismissal of this case as described hereinabove. Additionally, we shall also dismiss Plaintiff's Motion for a Continuance and Permanent Injunction, inasmuch as this Motion was never supported by a brief, nor does it explain the relief sought by Plaintiff apart from that mentioned in the title. An appropriate Order shall issue.